UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DR. HAMZA B. ALKHOLI and
AHMED HALAWANI,

                    Plaintiffs,                    17-cv-16 (PKC)

    -against-

                                                     ORDER

MACKLOWE INVESTMENT
PROPERTIES, LLC,

                    Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        It falls upon the court to raise issues of subject matter jurisdiction <u>sua sponte</u>.

        Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a). An action premised upon diversity of citizenship in which a limited liability company is a party must allege the citizenship of natural persons who are members of the limited liability company and the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company. See <u>Handelsman v. Bedford Vill. Assocs. Ltd. P'ship</u>, 213 F.3d 48, 51-52 (2d Cir. 2000) (citing <u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 731 (7th Cir. 1998)); <u>Strother v. Harte</u>, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."); Rule 8(a), Fed. R. Civ. P.

        "The rule of complete diversity—that no plaintiff and no defendant may be a citizen of the same state—applies to alienage cases as well as to ordinary diversity cases." F. &

H.R. Farman-Farmaian Consulting Engineers Firm v. Harza Eng'g Co., 882 F.2d 281, 284 (7th Cir. 1989) (citing Newman–Green, Inc. v. Alfonzo–Larrain, 109 S. Ct. 2218, 2221 (1989)). And, "the presence of aliens on two sides of a case destroys diversity jurisdiction," just like the presence of two citizens of the same state. Corporacion Venezolana de Fomento v. Vintero Sales Corp., 629 F.2d 786, 790 (2d Cir. 1980).

Plaintiffs here are citizens of Saudi Arabia. Federal jurisdiction is premised on diversity of citizenship. 28 U.S.C. § 1332. Defendant is a limited liability company, Macklowe Investment Properties, LLC ("MIP"). If one of the members of the defendant LLC is an alien or foreign citizen, then there would be aliens on two sides of the case and the Court would not have diversity jurisdiction. See Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002) ("diversity is lacking within the meaning of [28 U.S.C. § 1332(a)(2) and (a)(3)] where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens."). The complaint filed in this action fails to set forth the citizenship of all members of the defendant limited liability company.

Within 14 days of this Order, defendant MIP shall file an affidavit setting forth the citizenship of each member of the LLC as of January 3, 2017, the date the complaint was filed. Also within 14 days of this Order, each party shall fax a letter to Chambers indicating whether they wish to participate in settlement discussions before a mediator. The Chambers fax number is: (212) 805-7949.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       April 29, 2020